UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOWARD LEE ROBERTS, | ) | 1:07-cv-01197-AWI-TAG HC |
| Petitioner, | ) ) ) | ORDER TO AMEND PETITION WITHIN THIRTY DAYS |
| v. | ) ) ) | (Doc. 1) |
| TOM FELKER, et al., | ) ) | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |
| Respondents. | ) ) | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The instant petition was originally filed on July 23, 2007. (Doc. 1).

DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990). Otherwise, the Court will order Respondent to respond to the petition. Rule 5 of the Rules governing § 2254 Cases.

A federal court may only grant a petition for writ of habeas corpus if a petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254 (a). A petition for writ of habeas corpus must therefore specify the grounds for relief. Rule 2(c) of the Rules Governing Section 2254 Cases. The petition must also allege the facts surrounding the petitioner's

1  incarceration. 28 U.S.C. § 2242. The petitioner must make specific factual allegations that would
2  entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
3  1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989).

4  In addition, a petition presented in *pro se* must be upon the form approved by the court. Rule
5  2 of the Rules Governing Section 2254 Cases; Local Rule 81-190. This rule ensures that all
6  information needed is before the court. Each ground for relief must be clearly stated and allege what
7  federal constitutional violation has occurred, along with providing facts that support the grounds for
8  relief. If a petition contains no grounds entitling the petitioner to habeas corpus relief, the court must
9  dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

10  The type of filing that simply references attachments requires the Court to expend
11  considerable time and resources attempting to determine which claims a petitioner seeks to raise
12  before this Court. It is unreasonable to expect the Court to take on such a task when the
13  responsibility to inform the Court lies solely with the petitioner.[1] The proper use of the form petition
14  results in administrative convenience of benefit to both the petitioner and the Court.

15  Here, Petitioner did not fill out any of the spaces provided on the form petition for listing his
16  grounds for relief. Instead, he refers the Court to the attachments to the petition. Normally, such a
17  reference would be to an attachment that presents in more detail Petitioner's claims for relief.
18  However, here, Petitioner has attached a state habeas petition he filed in the California Supreme
19  Court. Presumably, Petitioner expects this Court to incorporate by reference the claims he raised in
20  the state petition into the instant petition. However, even Petitioner's state petition does not include
21  in the state form his grounds for relief. Instead, Petitioner has indicated to the California Supreme
22  Court that it must reference his attachments to that petition in order to find his claims. Attached to
23  the state petition is a thirty-eight page handwritten brief.

24  In other words, in the instant petition, Petitioner expects this Court to hunt through an
25  attachment to an attachment in order to glean his grounds for relief rather than finding them on the

---

[1] Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

2

proper place in the form petition.  This the Court declines to do.  Thus, petitioner will be required to resubmit the form petition once it has been <u>completely filled out as is stated on the form</u>.  A petitioner may submit attachments to the form; **however, a simple reference to an attachment where specific information is required is not acceptable**.

     Accordingly, it is HEREBY ORDERED:

1. Within thirty (30) days of the date of service of this Order, Petitioner SHALL FILE AN AMENDED PETITION in which Petitioner fills out the form provided by the Court and properly states all grounds for relief in the form itself rather than referring to an attachment.   The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury.  Petitioner should also note that every pleading to which an amendment is permitted *must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.*  Local Rule 15-220.

2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated:  **January 15, 2008**                   **/s/ Theresa A. Goldner**
                                                           UNITED STATES MAGISTRATE JUDGE