UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOWARD LEE ROBERTS, | ) | 1:07-cv-01197-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR STAY |
| | ) | AND ABEYANCE OF PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| v. | ) | |
| | ) | (Doc. 11) |
| TOM FELKER, Warden, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

 Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

 Petitioner filed his Petition on July 23, 2007. (Doc. 1). On January 15, 2008, the Court ordered Petitioner to file an amended petition. (Doc. 9). On February 19, 2008, Petitioner, pursuant to that order of the Court, filed an amended petition. (Doc. 10). In his amended petition, Petitioner raises the following issues: (1) trial court erred in summarily denying Petitioner's motion for a new trial based on ineffective assistance of counsel; (2) the trial court erred in failing to conduct a "Marsden" hearing to replace trial counsel; (3) error in denying Petitioner's "Faretta" motion to represent himself at trial; (4) ineffective assistance of trial counsel based on counsel's purported errors regarding certain witnesses at trial and allegedly colluding with the prosecutor; and (5) ineffective assistance of appellate counsel in failing to argue all available appellate issues during the appeal. (Doc. 10, pp. 10-15). The following day, Petitioner filed the instant motion for stay and

1

abeyance, containing a terse explanation that he wished to exhaust the following claims: (1) jury violation, (2) judicial misconduct: (3) violation of hearsay evidence; and (4) violation of evidence of "gold chin [sic]."  (Doc. 11, p. 1).

      Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies.  Taylor, 134 F. 3d at 981.

      Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198 (1982).  However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).   Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 544 U.S. at 275.  In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 277.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Id.

Here, Petitioner has alleged under penalty of perjury that all of the claims in the instant petition are exhausted; thus, the petition does not appear to be mixed.  However, Petitioner now wishes to exhaust <u>additional</u> grounds in state court that have <u>never</u> been presented in any form in this Court and are factually and legally distinct from the claims already included in the instant petition. As mentioned, in the motion for stay Petitioner lists the claims he wishes to exhaust as (1) jury violation; (2) judicial misconduct; (3) violation of hearsay evidence; and (4) violation of evidence of "gold chin." (Doc. 11, p. 1).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 326, 117 S.Ct. 2059 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), <u>overruled on other grounds by</u> <u>Lindh v. Murphy</u>, 521 U.S. 320.   The instant petition was filed on July 23, 2007; thus, it is subject to the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

1   Petitioner was convicted in the Fresno County Superior Court on August 30, 2003, and his direct state appeal concluded when the California Supreme Court denied his Petition for Review on September 7, 2005. (Doc. 10, pp. 2-3). The one-year limitation period under the AEDPA would therefore have begun on December 7, 2005, when the ninety day period for seeking review in the United States Supreme Court had ended, Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998),  and would have expired one year later, on December 7, 2006, absent statutory tolling.   While there appears to be sufficient statutory tolling to make the original petition timely under the AEDPA, the Court notes that over one year has passed since the filing of the petition.  Since the limitations period is not tolled for the time a federal habeas corpus application is pending in federal court, Duncan v. Walker, 533 U.S. 167, 181-182, 121 S. Ct. 2120 (2001), it is patent that, regardless of the amount of statutory tolling to which Petitioner was entitled, the limitation period has now expired.

Under Rule 15(c)(2) of the Federal Rules of Civil Procedure, an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."  The rule applies in habeas corpus proceedings. Mayle v. Felix, 545 U.S. 644, 650, 125 S. Ct. 2562 (2005); Anthony v. Cambra, 236 F.3d 568, 576 (9th Cir. 2000).   In Mayle, the United States Supreme Court held that relation back is in order if the claim to be amended into the petition is tied to the original timely petition by "a common core of operative facts." Mayle, 545 U.S. at 664.  Conversely, the claim does not relate back when it asserts a new ground for relief supported by facts that differ in both "time and type" from those the original pleading set forth. Id. at 650.   The Mayle court expressly rejected the Ninth Circuit's interpretation of the rule that a claim relates back if it arises merely from the same judgment and conviction. Id. at 656-657.  Thus, relation back is "ordinarily allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory.'" Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001)(quoting 3 J. Moore, et al., Moore's Federal Practice § 15.19[2], pp. 15-82 (3d  ed. 2004)).

Therefore, when a petitioner seeks a stay of proceedings to exhaust unexhausted claims *already contained* in a timely federal petition, the relation back doctrine will not create a statute of

limitation problem for the petitioner since the exhausted claim will, by definition, be identical to the claim already raised in the existing petition. However, where, as here, a petitioner seeks to exhaust *completely new claims* and then amend those new claims into an existing federal petition, unless the new claims relate back to the claims already contained in the existing federal petition, the relation back doctrine may well preclude those claims as being untimely if more than one year has elapsed between the commencement of the limitation period and the point at which the petitioner amends his federal petition to include the newly-exhausted claims.

Here, from a simple comparison of the claims in the original petition and the claims which Petitioner now seeks to exhaust, it is obvious that the claims Petitioner seeks to exhaust are new claims that do not arise from the same "operative facts" as those in the existing petition and differ from them in both time and type. Thus, the new claims Petitioner seeks to exhaust do not "relate back" to the original claims and, since, as mentioned, the one-year limitation period has already expired, the new claims would be barred under the AEDPA. Given this clear procedural bar to the prospective claims, the Court finds that the claims would not have merit. Moreover, Petitioner's failure to raise these claims at a point in time that would have allowed him to exhaust them while still remaining within the AEDPA's one-year limitation period, creates, at the very least, an inference of dilatory conduct. It is undisputed that Petitioner waited from the filing of the petition on July 23, 2007 until the filing of the motion for stay on February 20, 2008 to seek to exhaust the additional claims referred to above. Also as mentioned, Petitioner has offered no explanation for this delay.

Against this factual setting, Petitioner has provided insufficient grounds for the Court to determine either that Petitioner is proceeding in good faith or that no prejudice would inure to the parties by granting the requested stay. Any effort by Petitioner at exhaustion, commenced at this late date, would almost certainly delay these proceedings by a factor of years, rather than simply by months. In light of the foregoing, the Court cannot conclude that Petitioner's interest in obtaining federal review of the new claim outweighs the competing interests in finality and speedy resolution of federal petitions. <u>Rhines</u>, 544 U.S. at 277-278.

Moreover, because Petitioner has failed to explain the nature of the prospective claims he wishes to exhaust in state court with particularity, the Court is unable to conduct the analysis

required by <u>Rhines</u> to determine whether the claims would have merit even were they not time-barred under the AEDPA because they do not relate back to the original claims.

Because Petitioner has failed to satisfy the criteria established by the United States Supreme Court in <u>Rhines</u> for granting a stay, Petitioner's motion must be denied.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for stay and abeyance of proceedings (Doc. 11), is DENIED.

IT IS SO ORDERED.

Dated:   **July 23, 2008**                                          /s/ Theresa A. Goldner
                                                                                   UNITED STATES MAGISTRATE JUDGE