# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| HOWARD L. ROBERTS,<br><br>                    Petitioner,<br><br>vs.<br><br>FELKER, Warden, et. al,<br><br>                    Respondents. | Civil No.   07-cv-1197-JLS (POR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[Document No. 40]** |

On May 27, 2009, Petitioner, a prisoner proceeding *pro se*, filed a Motion for Appointment of Counsel. (Doc. 40.) Petitioner contends his case "involves complex and substantial investigation and discovery." (Id. at 2.) Therefore, Petitioner contends a "lawyer [would] assist the [Petitioner] to apply the law properly in briefs and arguments before this court." (Id.)

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228,

1234 (9th Cir. 1984).

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." <u>Chaney</u>, 801 F.2d at 1196; <u>Knaubert</u>, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. <u>Hawkins v. Bennett</u>, 423 F.2d 948, 950 (8th Cir. 1970).

"The procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." <u>Knaubert</u>, 791 F.2d at 729 (citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); <u>Bashor</u>, 730 F.2d at 1234.

Here, Petitioner contends his case is "complex" and requests appointment of counsel in order to assist him in applying the law properly in briefs and arguments before the Court. (Doc. 40 at 2.) Petitioner, however, has sufficiently represented himself to date. From the face of the First Amended Petition, filed *pro se*, it appears Petitioner has a good grasp of this case and the legal issues involved. (Doc. 10.) The First Amended Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an answer or other responsive pleading to the First Amended Petition. (Doc. 12.) Further, Petitioner filed a Traverse in opposition to Respondents' answer on October 17, 2008. (Doc. 35.) Accordingly, because further briefing is not required of Petitioner, his claim that he needs counsel to assist him in applying the law properly in briefs and arguments before the Court is without merit. At this stage of the proceedings, the Court finds the interests of justice do not require the appointment of counsel.

//
//
//
//
//

Based thereon, Petitioner's Motion for Appointment of Counsel is hereby DENIED without prejudice.

**IT IS SO ORDERED.**

DATED: June 9, 2009

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable Janis L. Sammartino
        all parties