**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| HOWARD LEE ROBERTS,<br><br>  Petitioner,<br><br>vs.<br><br>TOM FELKER, Warden,<br><br>  Respondent. | Civil No.     1:07-1197 JLS (POR)<br><br>**ORDER:**<br><br>**(1) DENYING MOTION FOR EXTENSION OF TIME TO FILE CERTIFICATE OF APPEALABILITY [doc. no. 45]; and**<br><br>**(2) DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY [doc. no. 46]** |

**I.     INTRODUCTION**

Petitioner filed a Petition for Writ of Habeas Corpus in the United States Court for the Eastern District of California on July 23, 2007 and a First Amended Petition on February 19, 2008. (*See* Doc. Nos. 1, 10.) On November 25, 2008, the matter was transferred to this Court. (*See* Doc. No. 37.) The petition was denied in an Order filed June 18, 2009. (*See* Doc. No. 42.) Thereafter, Petitioner filed a Motion for a Thirty Day Extension of Time to File a Request For a Certificate of Appealability and a Request for a Certificate of Appealability. (*See* Doc. Nos. 45, 46.)

1  **II.  REQUEST FOR EXTENSION OF TIME TO FILE A CERTIFICATE OF
2       APPEALABILITY**

3  Roberts filed an Ex Parte Motion for Extension of Time to File Certificate of Appealability on
4  July 13, 2009. (*See* Doc. No. 45.) He subsequently filed a Motion for Certificate of Appealability on
5  July 17, 2009. (*See* Doc. No. 46.) Accordingly, Robert's Motion for Extension of Time is **DENIED**
6  as moot.

7  **III.  REQUEST FOR CERTIFICATE OF APPEALABILITY**

8  A Certificate of Appealability ("COA") is required pursuant to 28 U.S.C. § 2253 before a
9  petitioner can pursue an appeal. A COA will issue when the petitioner makes a "substantial showing
10 of the denial of a constitutional right." 28 U.S.C. § 2253; *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir.
11 2005). A "substantial showing" requires a demonstration that "'reasonable jurists would find the district
12 court's assessment of the constitutional claims debatable or wrong.'" *Beaty v. Stewart*, 303 F.3d 975,
13 984 (9th Cir. 2002), *quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

14 Roberts has asked this Court to grant a COA on three issues: (1) whether the District Court
15 erred when it denied his Motion for Reconsideration of his Motion for stay; (2) whether the District
16 Court unreasonably determined that he did not suffer ineffective assistance of counsel; and (3) whether
17 the District Court unreasonably determined that the state court did not err when it failed to conduct a
18 hearing pursuant to *People v. Marsden*, 2 Cal.3d 118, 123 (1970). The Court finds Roberts has not made
19 a 'substantial showing of the denial of a constitutional right" warranting the issuance of a COA with
20 respect to any of his articulated grounds because none of his grounds presents a debatable issue raising
21 any constitutional concern or colorable claim for relief deserving of further proceedings.

22 With respect to Roberts' first claim of error, he argues as follows:

23 > [the] Court erred when it concluded that Mr. Roberts failed to seek to exhaust the
   > additional claims while his petition was pending in federal court [because] in face he
24 > filed a Writ of Habeas Corpus in the California Supreme Court on February 13, 2008.,
   > which does not give rise to an inference of 'dilatory conduct.'
25

26 (Pet'rs Req. for COA at 10.)

27 This argument was addressed in both the Eastern District Court's Order denying the Motion for
28 Stay and this Court's Order denying Roberts' Motion for Reconsideration of the Eastern District's

1  Order. Roberts filed his federal habeas corpus petition in the United States District Court for the Eastern
2  District of California on July 23, 2007. He did not file his most recent state habeas corpus petition,
3  which he alleges exhausted his new claims, in the California Supreme Court until February 13, 2008,
4  a period of seven months. As both the Eastern District and this Court have concluded, such a delay
5  gives rise to an inference of "dilatory conduct" under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005),
6  and the Court finds that "'[no] reasonable jurists would find the district court's assessment of the
7  constitutional claims debatable or wrong.'" *Beaty*, 303 F.3d at 984 *quoting Slack*, 529 U.S. at 484.[1]

8  Roberts also asks for this Court to grant a COA on the question whether he received ineffective
9  assistance of counsel. (Pet'rs Req. for COA at 11-14.) Although it is not entirely clear, it appears
10 Roberts is arguing this Court did not properly apply the clearly established Supreme Court law,
11 *Strickland v. Washington*, 466 U.S. 668, 687 (1984) to his claim and that it is unfair to place the burden
12 on Roberts to establish the acts or omissions which would constitute ineffective assistance. (Pet'rs Req.
13 for COA at 11-14.) Having reviewed the Order denying the petition, the Court is confident that it
14 applied *Strickland* in the manner approved of by the United States Supreme Court. As outlined in the
15 Order, *Strickland* requires a petitioner to show that his trial counsel's performance fell below an
16 objective standard of reasonableness. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's
17 performance must be "highly deferential." *Id.* at 689. *Strickland* also requires a petitioner to show
18 counsel's deficient performance prejudiced the defense. *Id.* at 687. This requires a showing that
19 counsel's errors were so serious they deprived Roberts "of a fair trial, a trial whose result is reliable."
20 *Id.* For the reasons recited in the Order denying the petition, the Court concludes that no reasonable
21 jurist could find the Court's decision that Roberts was not denied the effective assistance of counsel
22 under *Strickland* debatable or wrong. *Beaty*, 303 F.3d at 984 *quoting Slack*, 529 U.S. at 484.

23 Finally, Roberts requests a COA on his claim that the failure of the state court to conduct a
24 *Marsden* hearing violated his federal constitutional rights. (Pet'rs Req. for COA at 14-18.) Roberts
25 essentially repeats the arguments he made in his Petition regarding this claim. (*Id.*) For the reasons

---

[1] Roberts also alleges that he is entitled to an evidentiary hearing because he has "[made] a 'good faith' allegation that would, if true, entitle him to a new hearing." (Pet'rs Req. for COA at 10.) It is not clear what "good faith" allegation Roberts is referring to and, in any event, that is not the standard for granting an evidentiary hearing in a federal habeas corpus petition.

1  outlined in the Court's Order denying the petition, the Court concludes no reasonable jurist could find
2  this Court's decision that the failure to conduct a *Marsden* hearing did not deprive Roberts of his federal
3  constitutional rights debatable or wrong.  *Beaty*, 303 F.3d at 984 *quoting Slack*, 529 U.S. at 484.
4         For all the foregoing reasons, and in the absence of a "substantial showing" the challenged Order
5  and Judgment denied  him a constitutional right on any of his asserted grounds, Roberts' request for a
6  COA is **DENIED**.
7         **IT IS SO ORDERED.**
8  DATED: July 24, 2009

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge